

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) | CIVIL ACTION NO. 4·09-CV-0715  |
| v. ) ) ) | **COMPLAINT** |
| ) ) | JURY TRIAL DEMAND |
| STARBUCKS CORPORATION d/b/a STARBUCKS STORE 11743 ) ) ) | This case assigned to District Judge _Miller_ and to Magistrate Judge _Young_ |
| Defendant. ) | |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Chuck Hannay who was adversely affected by such practices. As alleged with greater particularity in paragraphs 9a through 9g below, Plaintiff Equal Employment Opportunity Commission alleges that Defendant Starbucks Corporation, d/b/a Starbucks Store 11743, failed to hire Mr. Hannay, a qualified individual with a disability, because of his disability.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343, and 1345. This is an action authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §12117(a), which incorporates by

reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2.  The unlawful employment practices alleged below were and are now being committed in the Eastern District of Arkansas, Western Division.

## PARTIES

3.  Plaintiff, Equal Employment Opportunity Commission (the "Commission") is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1).

4.  At all relevant times, Defendant Employer, Starbucks Corporation d/b/a Starbucks Store 11743 ("Defendant Employer"), a foreign corporation, was continuously doing business in the State of Arkansas and has continuously had at least fifteen (15) employees.

5.  At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. §12111(5), and Section 101(7) of the ADA, 42 U.S.C. §12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§2000e(g) and (h).

6.  At all relevant times, Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. §12111(2).

## STATEMENT OF CLAIMS

7.  More than thirty days prior to the institution of this lawsuit, Chuck Hannay filed a charge with the Commission alleging violations of Title I of the ADA by Defendant Employer.

All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Since at least August of 2007, Defendant Employer has engaged in unlawful employment practices in violation of Sections 102(a) and 102(b) (1) of Title I of the ADA, 42 U.S.C. §§12112(a) and 12112(b)(1), at its Russellville, Arkansas location.

9.a. The Commission alleges that Mr. Hannay is a qualified individual with a disability under the definition of the Americans with Disabilities Act of 1990. Mr. Hannay has multiple sclerosis.

   b. Mr. Hannay applied for a barista position on or about September 10, 2007.

   c. Mr. Hannay met the requirements for the barista position.

   d. When Mr. Hannay submitted his application, he informed Defendant Employer that he would not use his wheelchair at work and would rely on his cane.

   e. Defendant Employer had six open barista positions it was attempting to fill.

   f. Mr. Hannay was never contacted for an interview but learned interviews were being conducted on or about October 2, 2007. Later, Mr. Hannay was interviewed with two other applicants.

   g. Mr. Hannay was not hired by Defendant Employer.

10. The effects of the practices complained of in paragraphs 9a through 9g above has been to deprive Mr. Hannay of equal employment opportunities and otherwise adversely affect his status as an employee because of his disability.

11. The unlawful employment practices complained of above in paragraphs 9a through 9g were intentional.

12. The unlawful employment practices complained of in paragraphs 9a through 9g

above were done with malice or reckless indifference to the federally protected rights of Chuck Hannay.

## PRAYER FOR RELIEF

**WHEREFORE**, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining the Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of disability.

B.  Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities and which eradicate the effects of its past and present unlawful employment practices.

C.  Order Defendant Employer to make whole Chuck Hannay by providing appropriate back pay with interest, in an amount to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to, instatement to his rightful place.

D.  Order Defendant Employer to make whole Chuck Hannay by providing compensation for past and future pecuniary losses, resulting from the unlawful employment practices described in paragraphs 9a through 9g above, including but not limited to, relocation expenses, job search expenses, and medical expenses incurred by Chuck Hannay after Defendant Employer failed to hire him because of his disability, in amounts to be determined at trial.

E.  Order Defendant Employer to make whole Chuck Hannay by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 9a through 9g above, including emotional pain, suffering, loss of

enjoyment of life, humiliation, inconvenience, mental anguish, and embarrassment, in amounts to be determined at trial.

    F.    Order Defendant Employer to pay Chuck Hannay punitive damages for its malicious and reckless conduct as described in paragraphs 9a through 9g above, in amounts to be determined by trial.

    G.    Grant such further relief as the Court deems necessary and proper in the public interest.

    H.    Award the Commission its costs of this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

        JAMES LEE
        Deputy General Counsel

        **GWENDOLYN YOUNG REAMS**
        Associate General Counsel

        _/s/ F. Williams by WAC_
        **FAYE A. WILLIAMS**
        Regional Attorney
        Tennessee Bar No. 011730

        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION
        Memphis District Office
        1407 Union Avenue, Ste. 901
        Memphis, Tennessee 38104
        (901) 544-0088

        _/s/ William A. Cash, Jr._
        **WILLIAM A. CASH, JR.**
        Supervisory Trial Attorney
        AR #88081

_P. Dixon/by WAC_
**PAMELA B. DIXON**
Senior Trial Attorney
AR # 95085

EQUAL EMPLOYMENT OPPORTUNITY
            COMMISSION
Little Rock Area Office
820 Louisiana, Suite 200
Little Rock, Arkansas 72201
Telephone:   (501) 324-5539
             (501) 324-5065