IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 4:09-CV-0715-BSM |
| v. | ) ) ) ) | |
| STARBUCKS CORPORATION d/b/a STARBUCKS STORE 11743 | ) ) ) | |
| Defendant. | ) | |

## CONSENT DECREE

This action was instituted by the Equal Employment Opportunity Commission (hereinafter the "Commission") against the Defendant, Starbucks Corporation d/b/a Starbucks Store 11743 (hereinafter "Defendant), pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a, to remedy unlawful practices alleged in the Complaint filed in this action.

In the event this proposed Consent Decree is not approved or does not become final, then it shall not be admissible in evidence in any subsequent proceeding in this action.

The Court has reviewed the terms of the proposed Consent Decree in light of the applicable laws and regulations and the statements of counsel for all parties and hereby approves the Consent Decree.

**NOW, THEREFORE**, the Court being fully advised in the premises, it is hereby

**ORDERED, ADJUDGED AND DECREED:**

## I. JURISDICTION

The United States District Court for the Eastern District of Arkansas, Western Division, has jurisdiction over the parties and subject matter of this litigation.

## II. GENERAL PROVISIONS

This Consent Decree, being entered with the consent of the parties for purposes of settlement, shall not constitute an adjudication on the merits of this lawsuit and shall not be construed as an admission by Defendant of any violation of Title VII.

## III. SCOPE AND DURATION OF DECREE

1. By entering into this Consent Decree, the parties do not intend to resolve any charges of discrimination currently pending before the Commission other than Charge No. 846-2008-06786 filed by Chuck Hannay that created the procedural foundation for the Complaint filed in this case.

2. This Consent Decree constitutes the complete and exclusive agreement between the Commission and Defendant with respect to the matters referred to herein and arising out of Charge No. 846-2008-06786.

3. No waiver, modification, or amendment of any provision of this Consent Decree shall be effective unless made in writing and signed by both parties. No representations or inducements to compromise this action have been made other than those recited or referenced in this Consent Decree.

4. This Agreement shall remain in effect for a period of 18 months.

## IV.   INJUNCTIVE RELIEF

1.   The Defendant, its officers, agents, employees, and all persons acting in concert with the Defendant are enjoined from failing to hire any qualified individual with a disability because of that person's disability as required by the Americans with Disabilities Act, as amended.

2.   The Defendant, its officers, agents, employees, and all persons acting in concert with the Defendant are enjoined from engaging in any employment practice which has the purpose or effect of discriminating against any individual on the basis of a disability under the Americans with Disabilities Act.

3.   The Defendant, its officers, agents, employees, and all persons acting in concert with the Defendant are enjoined from retaliating against any employee.

4.   The injunctive language referenced in Section IV applies to Defendant's facilities in Starbucks District 365 which includes the following: Store # 8852, Bentonville; Store # 13462, Bentonville; Store # 7969, Fort Smith; Store # 9810, Conway; Store # 9811 Conway; Store # 10483 Fayetteville; Store # 10485 Rogers; Store # 10422 Rogers; an Store # 11743, Russellville.

## V.   TRAINING

1.   Within 60 days of entry of this Decree by the Court, Defendant shall provide at least two hours of disability discrimination training to managers and assistant managers at its Russellville location. The training must take place on a day when Store Manager Heather Hall is in attendance.

2.   Defendant shall utilize the Commission's EEOC Compliance Manual section on the ADA and the Commission's Enforcement Guidance "Reasonable Accommodation and Undue Hardship Under the ADA" issued on October 17, 2002 as a model for the training. The training

will specifically focus on hiring with regard to individuals with disabilities and reasonable accommodations.

3. Defendant shall provide to the EEOC a roster of all attendees and a copy of the training materials. This information should be forwarded to Pamela B. Dixon, Senior Trial Attorney for the EEOC at the address listed on the signature page of this Decree.

### VI. POLICY PROHIBITING DISCRIMINATION BASED ON DISABILITY

1. Within ten days after receiving the disability discrimination training, each manager and assistant manager at the Russellville location will be required to read and sign a copy of Defendant's policy prohibiting disability discrimination and will be given a copy of the policy.

2. All new hires at the Russellville location will be given a copy of Defendant's policy prohibiting disability discrimination at hire and be required to review and sign said policy.

### VII. RECRUITMENT OF DISABLED APPLICANTS

Defendant will make a good faith effort to hire individuals with disabilities. It will demonstrate this good faith effort by notifying Arkansas Rehabilitation Services, 1010 North Arkansas Avenue, Russellville, AR 72801, 479-890-5751 (telephone), 479-890-5063 (facsimile), which assists disabled individuals in finding jobs, of all job openings at the Russellville store. This notification will be in writing, and copies of the notification will be included in the reports outlined in Section VIII.

### VIII. REPORTING

1. Defendant will provide two reports to the EEOC. Each report will describe all complaints of disability discrimination at its Russellville location, describe the investigation conducted by Defendant in response to each complaint, and indicate how the complaint was

resolved.

2. Each report will describe the training of Defendant's managers and assistant managers at the Russellville location in the requirements of the Americans with Disabilities Act.

3. Each report will also include a certification by Defendant that the notice required to be posted pursuant to Section IX of this Decree remained posted during the time period preceding each report.

    a. Defendant will submit the first report within 9 months of entry of the Decree. The second and final report will be submitted within 17 months of entry of the Decree.

    b. Each report will be forwarded to Pamela B. Dixon, Senior Trial Attorney, at the Little Rock Area office of the EEOC.

## IX.  POSTING AND POLICIES

The Defendant shall continue to conspicuously post at its Russellville location the notice (poster) required by Title VII.

Within 30 days of the entry of this Consent Decree, Defendant shall post and cause to remain posted for a period of 18 months at its Russellville location the notice attached hereto as Exhibit A. The notice shall be in the same typeface and size as Exhibit A; and shall be on company letterhead.

## X.  RELIEF

1. In full settlement of this case, Defendant shall pay $56,000 in compensatory damages and $24,000, less applicable deductions, in back pay to Mr. Hannay.

2. Defendant will issue a 1099 form for the compensatory damages paid to Mr. Hannay and a W-2 form for the back pay to Mr. Hannay.

4.      Within ten business days of the entry of this Decree by the Court, Defendant shall separately mail checks, via certified mail, based on the instructions provided to Defendant by the Commission. At the same time, copies of the front and back of the checks and related correspondence will be mailed to Pamela B. Dixon, Senior Trial Attorney, at the address below.

### XI.    NOTIFICATION OF SUCCESSORS

Defendant will provide to any potential purchaser of Defendant's business or a purchaser of all or a portion of Defendant's assets, and to any other potential successor, prior written notice of the Commission's lawsuit, the allegations raised in the Commission's Complaint, and the existence of the Consent Decree and contents and obligations of the settlement.

### XII.   ENFORCEMENT

If Defendant fails to comply with the terms of this Decree, the Commission has a right during the term of this Decree to enforce the obligations under the Decree. The Commission will provide ten days notice to Defendant of any deficiency in complying with the terms of the Decree. If the parties are unable to reach agreement regarding resolution of any such deficiency in Defendant's compliance with the terms of the Decree, the Commission will then have the option of petitioning the Court for relief.

### XIII.  COSTS

Each party shall bear that party's own costs, attorneys' fees, and expenses.

SO ORDERED THIS 14TH DAY OF June, 2010.

**BRIAN S. MILLER**
**UNITED STATES DISTRICT JUDGE**

| COUNSEL FOR PLAINTIFF | COUNSEL FOR DEFENDANT |
|---|---|
| | |

COUNSEL FOR PLAINTIFF

P. DAVID LOPEZ
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

_____
FAYE A. WILLIAMS
Regional Attorney

EQUAL EMPLOYMENT OPPORTUNITY
 COMMISSION
Memphis District Office
1407 Union Avenue, Suite 621
Memphis, TN 38104
(901) 544-0088

_____
WILLIAM A. CASH, JR.
Supervisory Trial Attorney

_____
PAMELA B. DIXON
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Little Rock Area Office
820 Louisiana, Suite 200
Little Rock, Arkansas 72201
Telephone:   (501) 324-5539
             (501) 324-5065

COUNSEL FOR DEFENDANT

SHELLY RANUS
Starbucks Coffee Company
Director, Corporate Counsel
Labor & Employment

DANIEL L. NASH
Akin Gump Strauss
Hauer & Feld LLP
133 New Hampshire Avenue, N.W.
Washington, DC 20036-1654

_____
JAMES M. GARY
Kutak Rock LLP
One Union National Plaza
124 West Capitol Ave., 20th Floor
Little Rock, Arkansas 72201
Attorney Direct: 501.975.3140
Main Dial: 501.975.3000
Fax:  501.975.3001
AR Bar No: 80051

## APPENDIX A

## <u>NOTICE</u>

1. Starbucks Corporation has agreed as part of a settlement with the EEOC to post this notice for 18 months to reinforce the company's policies concerning the Americans with Disabilities Act.

2. As part of the settlement, Starbucks has agreed to train its managers and assistant managers at this Russellville location in the prevention of disability discrimination in the work place.

3. Starbucks is committed to complying with the Americans with Disabilities Act. It is the policy of Starbucks to comply with the Americans with Disabilities Act. Starbucks reiterates its obligation to provide reasonable accommodations to any employee or applicant for employment with a disability as required by the Americans with Disabilities Act, as amended.

4. Starbucks will not take any action against employees or applicants for employment because they have exercised their rights under the Americans with Disabilities Act by filing charges with the Equal Employment Opportunity Commission and/or testified, assisted, or participated in any manner in any investigation, proceeding, or hearing under the Americans with Disabilities Act.

5. If you believe that you have been discriminated against because of your disability, or due to retaliation, you may contact the Equal Employment Opportunity Commission (EEOC) at the following national toll free number: 1-800-669-4000. If you have a TTY device for hearing impaired: TTY Number is 1-800-669-6820. You may also contact the EEOC's Little Rock Area Office at the following number: 1-501-324-5014 (TTY)

**<u>THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE.</u>**

This notice must remain posted for 18 months from the date below, and must not be altered, defaced, or covered by any material.

_____          _____
Store Manager                                              Regional Manager

_____
Date